UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BERNAL, et al., | No. 2:19-cv-00482-DC-AC |
| Plaintiffs, | |
| v. | ORDER DENYING PLAINTIFF'S MOTION TO MODIFY THE SCHEDULING ORDER TO REOPEN EXPERT DISCOVERY |
| SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al., | |
| Defendants. | (Doc. No. 83) |

This matter is before the court on Plaintiff's motion to modify the scheduling order to reopen expert discovery to permit Plaintiff to retain and disclose a medical expert witness to opine on the issue of causation of Plaintiff's injuries. (Doc. No. 83.) Pursuant to Local Rule 230(g), the pending motion is taken under submission to be decided on the papers. Accordingly, the court vacates the hearing on the pending motion scheduled for March 7, 2025. For the reasons explained below, Plaintiff's pending motion to modify the scheduling order will be denied.

**BACKGROUND**

Plaintiffs William Bernal and Celia Bernal filed the complaint initiating this civil rights action on March 15, 2019. (Doc. No. 1.) A few days later, the court issued a scheduling order to govern this case. (Doc. No. 4.) The scheduling order provided the following regarding the disclosure of expert witnesses:

All counsel are to designate in writing, and serve upon all other

1

> parties the name, address, and area of expertise of each expert that they propose to tender at trial not later than sixty (60) days after the close of discovery. The designation shall be accompanied by a written report prepared and signed by the witness. The report shall comply with Federal Rule of Civil Procedure 26(a)(2)(B).
>
> Within thirty (30) days after the designation of expert witnesses, any party may designate a supplemental list of expert witnesses who will express an opinion on a subject covered by an expert designated by an adverse party. The right to designate a supplemental expert for rebuttal purposes only shall apply to a party who has not previously disclosed an expert witness on the date set for expert witness disclosure by this Order.
>
> Failure of a party to comply with the disclosure schedule as set forth above in all likelihood will preclude that party from calling the expert witness at the time of trial. An expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) good cause for the party's failure to designate the expert witness in accordance with this Order; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition.
>
> For purposes of this Order, an "expert" is any person who may be used at trial to present evidence under Federal Rules of Evidence 702, 703, and 705, which include both "percipient experts" (persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case) and "retained experts" (persons specifically designated by a party to be a testifying expert for the purposes of litigation).
>
> Each party shall identify whether a disclosed expert is percipient, retained, or both. . . .
>
> Counsel are instructed to complete all discovery of expert witnesses in a timely manner in order to comply with the Court's deadline for filing dispositive motions.

(*Id.* at 3.)

On March 12, 2020, the court modified the scheduling order pursuant to a stipulation by the parties and set the following deadlines: fact discovery to be completed by October 23, 2020; expert witness disclosures due by December 4, 2020; supplemental expert disclosures due no later than 30 days after service of initial expert disclosures; expert discovery completed no later than 30 days after service of supplemental expert disclosures; and filing of dispositive motions due by no later than 180 days after the close of fact discovery. (Doc. No. 17.)

On December 4, 2020, Defendants served their expert disclosures, which included disclosure of their police practices expert and disclosure of their medical expert, Dr. Peter Salamon, as well as Dr. Salamon's expert report, in which he outlined his opinion that none of Plaintiff's purported injuries were caused by the incident at issue in Plaintiff's complaint. (Doc. No. 84 at 2.) That same day, Plaintiff disclosed just one expert witness, a police practices expert. (*Id.* at 3.) Plaintiff did not initially disclose any medical experts. (*See id.*) On January 4, 2021, the deadline for supplemental disclosures, Plaintiff disclosed nine treating providers as non-retained experts, but Plaintiff did not indicate that any of those treating providers would provide testimony pertaining to the cause of Plaintiff's injuries. (*Id.*; Doc. No. 84-1 at 105–109.)

Defendants timely filed a motion for summary judgment, which the court granted on April 5, 2022. (Doc. Nos. 27, 32.) On May 4, 2022, Plaintiffs filed a notice of interlocutory appeal, appealing the court's order granting summary judgment in favor of Defendants on all of Plaintiffs' federal claims. (Doc. No. 34.) On July 7, 2023, the Ninth Circuit issued an opinion affirming the district court's grant of summary judgment as to Plaintiff Celia Bernal's claims, but reversing the district court's grant of summary judgment on Plaintiff William Bernal's Fourth Amendment claims and remanding the case for further proceedings. (Doc. No. 65 at 41.) The Ninth Circuit's mandate issued on July 31, 2023. (Doc. No. 54.)

Following remand from the Ninth Circuit, on November 6, 2023, the court referred the case to Magistrate Judge Deborah Barnes for a settlement conference. (Doc. No. 60.) The parties participated in two settlement conferences with Magistrate Judge Barnes; the first conference was held on February 1, 2024, and the further conference was held on May 15, 2024. (Doc. Nos. 67, 74.) The case did not settle.

On September 17, 2024, Defendants filed a request asking the court to "either set this matter for a status conference or set the case for trial." (Doc. No. 75.)

On October 21, 2024, the court set a final pretrial conference for January 10, 2025 and ordered the parties to file a joint pretrial statement by no later than December 6, 2024.[1] (Doc. No.

---

[1] On October 15, 2024, this case was reassigned to the undersigned district judge. (Doc. No. 76.)

3

77.) Due to Plaintiff's failure to participate in preparing a joint pretrial statement as ordered, and Plaintiff's failure to respond to an order to show cause issued by the court on December 19, 2024 (Doc. No. 79), the court converted the January 10, 2025 final pretrial conference to a status conference. (Doc. No. 80.)

At the January 10, 2025 status conference, Plaintiff raised for the first time that he intended to file a motion to reopen expert discovery, specifically for the purpose of disclosing an expert regarding medical causation. While the court expressed skepticism that Plaintiff would be able to show good cause to reopen expert discovery at this late stage in the litigation, the court nonetheless provided a briefing schedule for any such motion and opposition thereto. (Doc. No. 81.)

On January 22, 2025, Plaintiff filed the pending motion to modify the scheduling order to reopen expert discovery, specifically to permit Plaintiff to retain and disclose a medical expert witness to opine on the issue of causation of Plaintiff's injuries. (Doc. No. 83.) On February 10, 2025, Defendants filed an opposition thereto. (Doc. No. 84.)

**LEGAL STANDARD**

Scheduling orders are "not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (citation omitted). Pursuant to Rule 16 of the Federal Rules of Civil Procedure, the scheduling order "controls the course of the action unless the court modifies it." Fed. R. Civ. P. 16(d). A case "schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "The decision to modify a scheduling order is within the broad discretion of the district court." *FMC Corp. v. Vendo Co.*, 196 F. Supp. 2d 1023, 1030 (E.D. Cal. 2002).

When a party seeks to modify the scheduling order, including to reopen expert discovery after the deadline for completing expert discovery has passed, that party must first show "good cause." *See Johnson*, 975 F.2d at 608; *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002) (affirming the district court's denial of a motion to modify the scheduling order to reopen discovery because the movant did not demonstrate diligence and good cause as required);

*Sheridan v. Reinke*, 611 F. App'x 381, 384 (9th Cir. 2015) ("To reopen discovery, [the plaintiff] was required to show good cause, which in turn requires a showing of diligence.")

The Ninth Circuit has instructed district courts to consider the following factors when ruling on a motion to reopen discovery:

> (1) whether trial is imminent, (2) whether the request is opposed, (3) whether the non-moving party would be prejudiced, (4) whether the moving party was diligent in obtaining discovery within the guidelines established by the court, (5) the foreseeability of the need for additional discovery in light of the time allowed for discovery by the district court, and (6) the likelihood that the discovery will lead to relevant evidence.

*City of Pomona v. SQM N. Am. Corp.*, 866 F.3d 1060, 1066 (9th Cir. 2017) (citation omitted).

Diligence is the primary factor courts consider in making a good cause determination. *Johnson*, 975 F.2d at 609. "Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end." *Id.* (internal citation omitted). In assessing diligence of the moving party, courts consider whether that party assisted the court in creating a workable scheduling order, whether that party's noncompliance with a deadline was caused by unforeseen circumstances, and whether that party was diligent in seeking to modify the scheduling order once it became apparent that they could not comply with that deadline. *Wake Forest Acquisitions, L.P. v. Vanderbilt Com. Lending, Inc.*, No. 2:15-cv-02167-KJM-DB, 2018 WL 1586362, at *3 (E.D. Cal. Apr. 2, 2018).

## ANALYSIS

In his pending motion to modify the scheduling order, Plaintiff does not specifically address the legal standard outlined above, nor offer any argument that consideration of the relevant factors—namely, diligence—weigh in favor of reopening expert discovery. Instead, Plaintiff explains he thought his disclosure of his treating physicians would be sufficient to enable those witnesses to testify regarding the cause of his injuries. (Doc. No. 83 at 3.) That is, "[p]rior to the 2024 settlement conferences attempts, Plaintiff had been anticipating being able to introduce evidence of causation of Plaintiff's injuries primarily through Plaintiff's primary care physician as a treating physician." (*Id.* at 5.) But "the possibility that treating physicians disclosed

1  only under Rule 26(a)(1) who were not retained specifically under Rule 26(a)(2) rules might not
2  be usable for proving causation of injury came up during discussions around the time of the
3  settlement conferences." (*Id.* at 6.) According to Plaintiff, it was not until "the time of the (post
4  appeal) settlement conferences when it became apparent" that Defendants "might be attempting
5  to exclude Plaintiff's evidence relating to causation of injury" because "Plaintiff's treating
6  physicians had not done a differential diagnosis analysis," and Plaintiff had not otherwise
7  disclosed any expert witness on causation. (*Id.* at 3.) Plaintiff emphasizes the fact that Defendants
8  did not raise any issue of insufficient evidence of causation in their motion for summary
9  judgment, which was filed in October 2021, and led Plaintiff to believe there was not any such
10 issue. (*Id.*)

11       Even if the court were to accept Plaintiff's explanations and his timeline of events, he has
12 known about this issue as early as February 1, 2024, when the first post-appeal settlement
13 conference was held and discussions with defense counsel revealed this issue. Nonetheless, he
14 waited nearly a year to file the pending motion to modify the scheduling order to reopen expert
15 discovery. By Plaintiff's own version of the events, he has not shown he was diligent in seeking
16 to modify the scheduling order once his apparent need to do so arose. Thus, the court finds
17 Plaintiff has not demonstrated diligence.

18       As for the other relevant factors, although a trial date has not yet been set in this case, this
19 case is scheduled for a final pretrial conference on March 7, 2025, and the parties have been
20 advised that a trial date will be set at that conference. (*See* Doc. No. 81.) Thus, trial is effectively
21 imminent. In addition, Plaintiff's motion to modify the scheduling order is strongly opposed by
22 Defendants, who filed a thorough opposition brief detailing the absence of good cause to reopen
23 expert discovery and the prejudice that would result if the court granted Plaintiff's motion.
24 Notably, after four months of inactivity in the summer of 2024, Defendants filed a request on
25 September 17, 2024, to set this case for trial, which the court has been unable to do due to
26 Plaintiff's repeated failures to comply with court orders. (*See* Doc. Nos. 79, 80.) Granting
27 Plaintiff's motion would cause substantial delay in getting this case to trial. Further, the fact that
28 Plaintiff was unaware that Defendants would seek to exclude testimony on causation of Plaintiff's

injuries due to his failure to disclose an expert witness on that topic does not excuse Plaintiff from his disclosure obligations as set forth in the scheduling order. Moreover, while the court acknowledges that disclosure of a medical expert on the cause of Plaintiff's injuries may likely lead to relevant evidence, importantly, Plaintiff has not actually identified a specific expert witness. Thus, Plaintiff's motion necessarily fails to address the scheduling order's admonition that "[a]n expert witness not appearing on the designation will not be permitted to testify unless the party offering the witness demonstrates: (a) good cause for the party's failure to designate the expert witness in accordance with this Order; (b) that the Court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly made available for deposition." (Doc. No. 4 at 3.) That is, Plaintiff has not promptly notified Defendants of the identity of the expert witness nor made that witness available for deposition. Indeed, Plaintiff has not yet retained an expert witness on the topic of causation.[2] Therefore, consideration of these additional factors weigh against granting modification of the scheduling order.

In short, Plaintiff has not demonstrated good cause to modify the scheduling order to reopen expert discovery. For this reason, the court will deny Plaintiff's pending motion.

## CONCLUSION

For the reasons explained above, Plaintiff's motion to modify the scheduling order (Doc. No. 84) is DENIED.

IT IS SO ORDERED.

Dated:   **February 24, 2025**

Dena Coggins
United States District Judge

---

[2] In his motion, Plaintiff appears to propose alternative sanctions, such as requiring Plaintiff to pay defense counsel's attorneys' fees for up to three hours for time spent deposing an expert witness (Doc. No. 83 at 6–8), but Plaintiff's proposals are misplaced because they are not relevant to the analysis under Rule 16 for modifications to a scheduling order.

7