UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM BERNAL,

        Plaintiff,

    v.

SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al.,

        Defendants.

No. 2:19-cv-00482-DC-AC

ORDER DENYING SECOND REQUEST TO PERMIT REMOTE TESTIMONY PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 43(a) AND GRANTING REQUEST TO FILE UNDER SEAL

(Doc. Nos. 154, 155)

This matter is before the court on Defendants' second request to permit the remote testimony of Defendant Bliss at trial pursuant to Federal Rule of Civil Procedure 43(a).[1] (Doc. No. 154.) In support of their request, Defendants submitted declarations from Defendant Bliss and Rose Bajwa, Family Nurse Practitioner. (*Id*. at 1.) That same day, Defendants filed a request to file under seal documents in support of their request for remote testimony because they contain confidential and sensitive medical information. (Doc. No. 155.) On April 9, 2026, Plaintiff filed an opposition to the request to permit remote testimony. (Doc. No. 157.) For the reasons

---

[1] On October 27, 2025, Defendants filed a request to permit the remote testimony of Defendant Bliss at trial pursuant to Federal Rule of Civil Procedure 43(a) or continue trial. (Doc. No. 131.) The court held an *in camera* hearing for Defendants' request on October 29, 2025, denied the request to permit remote testimony, and granted the request to continue trial. (Doc. No. 134.)

1

explained below, the court will grant the request to seal and deny the request to permit remote testimony of Defendant Bliss at trial.

### LEGAL STANDARD

"At trial, the witnesses' testimony must be taken in open court unless a federal statute, the Federal Rules of Evidence, [the Federal Rules of Civil Procedure], or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a). However, "[f]or good cause in compelling circumstances and with appropriate safeguards, the court may permit testimony in open court by contemporaneous transmission from a different location." *Id*. "[R]emote testimony is the exception, and live, in-person testimony is strongly preferred." *In re Kirkland*, 75 F.4th 1030, 1043–44 (9th Cir. 2023) (citing Fed. R. Civ. P. 43(a) advisory committee's note to 1996 amendment). The decision whether to permit witnesses to testify remotely "is expressly reserved to the sound discretion of the trial court." *Aoki v. Gilbert*, No. 11-cv-02797-TLN-CKD, 2019 WL 1243719, at *1 (E.D. Cal. Mar. 18, 2019) (quoting *Scott Timber, Inc. v. United States*, 93 Fed. Cl. 498, 500 (Fed. Cl. 2010)).

### ANALYSIS

As a preliminary matter, the court addresses Defendants' request to seal the declarations of Defendant Bliss and Nurse Bajwa. The court reviewed the declarations and agrees with Defendants that those declarations contain confidential and sensitive medical information. The court finds good cause to permit Defendants to file the declarations under seal. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1180 (9th Cir. 2006) (A "good cause" showing under Rule 26(c) will suffice to keep sealed records attached to nondispositive motions.") (citation omitted); *see Pratt v. Gamboa*, No. 17-cv-04375-LHK, 2020 WL 8992141, at *2 (N.D. Cal. May 22, 2020) (granting request to seal documents containing medical information, observing "[c]ourts routinely conclude that the need to protect medical privacy qualifies as a compelling reason for sealing records"). Thus, the court will grant the request to file under seal the declarations of Defendant Bliss and Nurse Bajwa.

Turning to the second request to permit the remote testimony of Defendant Bliss at trial, Defendants, on the eve of trial, now make this request asserting Defendant Bliss's "ability to give

live testimony at trial is significantly impacted" by his medical issues. (Doc. No. 154 at 2.) In appropriate circumstances, a witness's health issues may satisfy the good cause standard under Rule 43(a). *See Wilson v. United States*, No. 18-cv-01241-JCM-NJK, 2023 WL 2795866, at *2 (D. Nev. Apr. 5, 2023) (finding a witness's recent and unexpected medical procedure constituted good cause for remote testimony). Based on Defendants' submitted declarations, the basis for Defendant Bliss's inability to testify in person is too speculative to find a compelling circumstance exists here. While the court appreciates the concerns about Defendant Bliss's medical issues, they does not provide good cause to grant the request.

Accordingly, the court will deny the request for Defendant Bliss to testify remotely at trial.

### CONCLUSION

For the reasons set forth above:

1.  The request to file under seal documents in support of their request for remote testimony (Doc. No. 155) is GRANTED;

2.  Within three (3) days from the date of entry of this order, Defendants shall email a PDF copy of the sealed documents to ApprovedSealed@caed.uscourts.gov for filing under seal on the docket in this case, until further order from the court; and

3.  The second request to permit the remote testimony of Defendant Bliss at trial pursuant to Federal Rule of Civil Procedure 43(a) (Doc. No. 154) is DENIED.

IT IS SO ORDERED.

Dated:    **April 9, 2026**

_____
Dena Coggins
United States District Judge

3