UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM BERNAL,<br>Plaintiff,<br>v.<br>SACRAMENTO COUNTY SHERIFF DEPARTMENT, et al.,<br>Defendants. | No. 2:19-cv-00482-DC-AC<br><br>ORDER DENYING PLAINTIFF'S RENEWED MOTION FOR JUDGMENT AS A MATTER OF LAW AND DENYING PLAINTIFF'S ALTERNATIVE MOTION FOR A NEW TRIAL<br><br>(Doc. No. 188) |

This matter is before the court on Plaintiff's renewed motion for judgment as a matter of law, or in the alternative motion for a new trial. (Doc. No. 188.) Pursuant to Local Rule 230(g), the pending motion is taken under submission to be decided on the papers. For the reasons explained below, the court will deny Plaintiff's motions.

**BACKGROUND**

The court conducted a jury trial in this civil rights case in April 2026. The jury rendered a verdict that Defendants Deputy Craig Bliss and Deputy Nealy Chhlang did not use excessive force against Plaintiff William Bernal while detaining him on March 5, 2018. (Doc. No. 181 at 2.) The court entered judgment accordingly. (Doc. No. 184.)

In the pending motion, Plaintiff contends the court erred in permitting the jury to determine whether Defendants used excessive force against him because doing so conflicts with

the law of the case doctrine and the decision by the Ninth Circuit on Plaintiff's interlocutory appeal of the court's order on summary judgment in this case. (Doc. No. 188-1 at 3–6.)

On April 5, 2022, the court granted summary judgment in favor of Defendants on all of Plaintiff's federal claims and declined to exercise supplemental jurisdiction over his state law claims. (Doc. No. 32.) On May 4, 2022, Plaintiff filed a notice of interlocutory appeal of the court's order granting summary judgment. (Doc. No. 34.)

On July 7, 2023, the Ninth Circuit issued an opinion affirming in part and reversing in part the district court's grant of summary judgment. (Doc. No. 65.) Therein, the Ninth Circuit first found that when viewing the facts in the light most favorable to Plaintiff, Defendants used significant force against him when they "pointed a gun at him, kicked his legs apart, turned his head beyond its natural range of motion, kicked his knees to force his legs to buckle, smashed his head into the hood of the car, and tightly handcuffed him, resulting in a great deal of pain." (*Id*. at 13, 28.)

Next, the Ninth Circuit found that there was a genuine dispute of material fact as to whether Plaintiff reached into an unsearched bag. (*Id*. at 31.) The Ninth Circuit, taking all inferences in the light most favorable to Plaintiff, accepted Plaintiff's version of the event, that Plaintiff "never reached into a bag. Rather, he used both hands to hold his cell phone as he attempted to record the Deputies restraining [his wife]." (*Id*.) The Ninth Circuit held that none of Plaintiff's actions warranted any use of force, "much less to the extent the Deputies used" when making inferences in the light most favorable to Plaintiff (*Id*. at 31–32.)

Additionally, the Ninth Circuit determined Defendants were not entitled to "forcibly restrain" Plaintiff even if they accept as true Defendants' account that Plaintiff had reached into an unsearched duffel bag. (*Id*. at 32.) Instead, the Ninth Circuit found Defendants had no reason to believe that Plaintiff's reach into the duffel bag posed a threat to their safety because they had "conducted a weapons check prior to arriving at the Bernals' house and learned that there were no firearms registered to the home." (*Id*. at 32–33.) Moreover, the Ninth Circuit recognized that the record showed Plaintiff was not a gang member, had no prior convictions, no warrants out for his arrest, and was not suspected of committing a crime, much less a crime that entailed violence or

gun possession. (*Id*. at 33.) The Ninth Circuit stated that without more, Plaintiff's "reach into the duffel bag did not create cause to point a firearm at and aggressively restrain him." (*Id*. at 33, 40.)

The Ninth Circuit also found that "[i]ndependent of whether [Plaintiff] reached into the duffel bag," Defendants did not have cause to use force under the undisputed facts. (*Id*. at 33–34.) Specifically, the Ninth Circuit found that Defendants did not have cause "to use a substantial amount of force to restrain" when it was immediately apparent to everyone at the scene that Plaintiff had a cell phone in his hands, not a weapon. (*Id*.) Further, the Ninth Circuit, viewing the evidence in the light most favorable to Plaintiff, accepted Plaintiff's version of the events, that "he did not hit any of the officers" and that he struggled against Defendants' holds to alleviate the pain he experienced from his surgically repaired arms and/or shoulders. (*Id*. at 36–37.) Additionally, the Ninth Circuit stated that even if Plaintiff had intentionally elbowed Defendant Chhlang, that resistance was "not proportionate to the significant amount of force the Deputies used to restrain him." (*Id*. at 37.)

Based on these findings, the Ninth Circuit concluded the district court erred in granting summary judgment to Defendants by disregarding genuine disputes of material fact. (*Id*.) The Ninth Circuit also stated that Defendants "used excessive force when they violently detained [Plaintiff] despite knowing he was unarmed and posed no reasonable threat to officer safety." (*Id*.) Additionally, the Ninth Circuit found Defendants were not entitled to qualified immunity with respect to Plaintiff because they were on notice they could not "violently" restrain him for merely reaching into an unsearched bag. (*Id*. at 40.) The Ninth Circuit reversed the district court's grant of summary judgment on Plaintiff's Fourth Amendment claim and reinstated Plaintiff's pendent state law claims. (*Id*. at 41.)

On April 13, 2026, a six-day jury trial began. (Doc. Nos. 161, 164, 167, 170, 175, 178.) At the close of Defendants' case-in-chief, Plaintiff moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) for his Fourth Amendment excessive force claim. (Doc. No. 175.) At that time, the court deferred ruling on Plaintiff's motion. (*Id*.) At the conclusion of the trial, on April 21, 2026, the jury returned a unanimous verdict in favor of Defendants. (Doc. No. 181.) In response to Question 2 on the verdict form, which asked the jury to decide whether

Defendants used excessive force against Plaintiff, the jury answered "No." (*Id*. at 2.) That same day, the court entered judgment in favor of Defendants. (Doc. No. 184.)

On May 19, 2026, Plaintiff filed the pending renewed motion for judgment as a matter of law or in the alternative, motion for a new trial. (Doc. No. 188.) On June 9, 2026, Defendants filed an opposition to Plaintiff's motion. (Doc. No. 189.) Plaintiff did not file a reply in support of the pending motion.

## LEGAL STANDARDS

### A. Renewed Motion for Judgment as a Matter of Law

Judgment as a matter of law is appropriate when "a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a)(1). A party must make a motion for judgment as a matter of law under Rule 50(a) before a case is submitted to the jury. Fed. R. Civ. P. 50(a)(2). The court may deny or defer ruling on the motion, but if the jury returns a verdict against the moving party, that party may renew its motion under Rule 50(b). Fed. R. Civ. P. 50(b); *see Vahora v. Valley Diagnostics Lab'y, Inc.*, No. 16-cv-01624-SKO, 2019 WL 5960205, at *4 (E.D. Cal. Nov. 13, 2019) ("A motion for judgment as a matter of law under Rule 50(b) is not a freestanding motion, but a renewed Rule 50(a) motion."). "A party cannot raise arguments in its post-trial motion for judgment as a matter of law under Rule 50(b) that it did not raise in its pre-verdict Rule 50(a) motion." *Freund v. Nycomed Amersham*, 347 F.3d 752, 761 (9th Cir. 2003).

A party seeking judgment as a matter of law has a "very high" standard to meet. *Costa v. Desert Palace, Inc.*, 299 F.3d 838, 859 (9th Cir. 2002). When the court addresses legal questions in a Rule 50(b) motion, the "test applied is whether the evidence permits only one reasonable conclusion, and that conclusion is contrary to the jury's verdict." *Josephs v. Pac. Bell*, 443 F.3d 1050, 1062 (9th Cir. 2006). In other words, the court can "overturn the jury's verdict and grant such a motion only if 'there is no legally sufficient basis for a reasonable jury to find for that party on that issue.'" *Costa*, 299 F.3d at 859 (quoting *Reeves v. Sanderson Plumbing Prods. Inc.*, 530 U.S. 133, 149 (2000)).

**B. Motion for a New Trial**

A party may also move for a new trial under Federal Rule of Civil Procedure 59. Fed. R. Civ. P. 50(b)(2). Through Rule 59, the court may order a new trial if "the verdict is against the weight of the evidence, [] the damages are excessive, or [], for other reasons, the trial was not fair to the party moving." *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940). "The authority to grant a new trial . . . is confided almost entirely to the exercise of discretion on the part of the trial court." *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 36 (1980); *see Jorgensen v. Cassiday*, 320 F.3d 906, 918 (9th Cir. 2003) (recognizing that a district court enjoys "considerable discretion" in granting or denying a motion for new trial). "[A] district court may not grant a new trial simply because it would have arrived at a different verdict." *Silver Sage Partners, Ltd. v. City of Desert Hot Springs*, 251 F.3d 814, 819 (9th Cir. 2001). Instead, the court must have a "definite and firm conviction that a mistake has been committed" after "having given full respect to the jury's findings." *Landes Constr. Co. v. Royal Bank of Can.*, 833 F.2d 1365, 1372 (9th Cir. 1987) (citation omitted).

**ANALYSIS**

In his renewed motion, Plaintiff contends the court erred in permitting the jury to determine whether Defendants used excessive force against him because it conflicts with the law of the case doctrine and the Ninth Circuit's mandate that the force used against him was excessive in violation of the Fourth Amendment. (Doc. No. 188-1 at 3–6.) In the alternative, Plaintiff contends a new trial is required under Federal Rule of Civil Procedure 59(a). (*Id*. at 7–8.) The court first addresses Plaintiff's renewed motion for judgment as a matter of law and then addresses Plaintiff's alternative motion for a new trial.

**A. Plaintiff's Renewed Motion for Judgment as a Matter of Law**

Under the "law of the case" doctrine, a court is generally precluded "from reconsidering an issue decided previously by the same court or by a higher court in the identical case." *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012); *Milgard Tempering v. Selas Corp. of Am.*, 902 F.2d 703, 715 (9th Cir. 1990). "For the doctrine to apply, the issue in question must have been 'decided explicitly or by necessary implication in [the] previous disposition.'" *Lower*

*Elwha Band of S'Klallams v. Lummi Indian Tribe*, 235 F.3d 443, 452 (9th Cir. 2000) (quoting *Liberty Mutual Ins. Co. v. EEOC*, 691 F.2d 438, 441 (9th Cir. 1982)).

"The rule of mandate is similar to, but broader than, the law of the case doctrine." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (citing *Herrington v. Cnty. of Sonoma*, 12 F.3d 901, 904 (9th Cir. 1993)). "A district court, upon receiving the mandate of an appellate court 'cannot vary it or examine it for any other purpose than execution.'" *Id*. (quoting *In re Sanford Fork & Tool Co.*, 160 U.S. 247, 255 (1895)). At the same time, the rule of mandate allows a lower court to decide anything not foreclosed by the mandate. *Herrington*, 12 F.3d at 904. A district court is limited on remand when the scope of the remand is clear. *Mendez-Gutierrez v. Gonzales*, 444 F.3d 1168, 1172 (9th Cir. 2006). Violation of the rule of mandate is a jurisdictional error. *United States v. Thrasher*, 483 F.3d 977, 982 (9th Cir. 2007).

In his motion, Plaintiff argues "[t]he Ninth Circuit did not limit itself to whether there were questions of material fact in dispute." (Doc. No. 188-1 at 4.) Instead, Plaintiff argues the Ninth Circuit held, in its opinion on the district court's summary judgment in favor of Defendants, that the district court erred in finding the force against him was not excessive and that "the intrusion on [Plaintiff's] liberty was simply too great in the context of detaining a non-suspect witness." (*Id*.) (quoting Doc. No. 65 at 28).

In opposition, Defendants argue the jury verdict should stand because the Ninth Circuit's opinion does not compel judgment in Plaintiff's favor on his excessive force claim. (Doc. No. 189 at 1, 3–7.) Specifically, Defendants argue that the Ninth Circuit on appeal was required to view the facts in the light most favorable to Plaintiff and "assumed that [Plaintiff's] description of the force used against him was true." (*Id*. at 4.) Defendants argue that the denial of a summary judgment motion is "never law of the case." (*Id*.) (citing *Peralta v. Dillard*, 744 F.3d 1076, 1088 (9th Cir. 2014) (en banc)). Rather, "the denial of summary judgment is simply 'a ruling that a party could hypothetically prove some set of facts that would support his claim,' not a conclusive determination of that claim." (*Id*.) (citations omitted).

In support of their arguments, Defendants rely on the decision in *Chism v. Gardner*, No. 09-cv-00025-JLQ, 2012 WL 1945476 (E.D. Wash. May 30, 2012), which the court finds

persuasive. (*Id*. at 6.) In *Chism*, the district court granted the defendants' motion for summary judgment on the defense of qualified immunity. 2012 WL 1945476, at *1. On appeal, the Ninth Circuit, viewing the facts in a light most favorable to the plaintiffs, reversed the district court's grant of summary judgment. *Id*. at *1–2. In response, the plaintiffs filed a motion for declaratory judgment contending "that a list of 18 different factual findings and legal conclusions were conclusively determined by the Ninth Circuit and are now the law of the case." *Id*. The district court rejected the plaintiffs' contention that the Ninth Circuit was making any factual findings that were now the law of the case when it reversed its order granting the defendant's motion for summary judgment. *Id*. at 3. Instead, the district court recognized "[t]he Ninth Circuit stated at least twice that it was viewing the factual evidence in a light most favorable to [the plaintiffs]" and a jury could still make factual findings that could support the defendants' defense of qualified immunity. *Id*. The district concluded that plaintiffs' proposed factual findings and legal conclusions were not the law of the case and denied plaintiffs' motion for declaratory judgment. *Id*.

Like *Chism*, here the Ninth Circuit did not make factual findings on Plaintiff's excessive force claim. At the outset, the Ninth Circuit recognized its review on Defendants' motion for summary judgment was limited to "viewing all evidence in the light most favorable to the non-moving party." (Doc. No. 65 at 13.) The Ninth Circuit emphasized seven separate times that it was applying that standard of review to Plaintiff's claim for excessive force. (*Id*. at 28, 30, 32, 36, 37, 39, n. 3.) As a result, the Ninth Circuit was required to accept Plaintiff's version of the story, that he did not hit any of the officers, and Defendants used "significant," substantial," and/or "escalat[ed]" force to "violently," "harsh[ly]," and/or "forcibly" restrain him. (*Id*. at 21, 28–29, 32, 34, 36–37, 40.) The Ninth Circuit provided no instruction and no direction that judgment on Plaintiff's Fourth Amendment claims should be entered in his favor on remand. Consequently, the court finds the Ninth Circuit only reversed the district court's grant of summary judgment on Plaintiff's Fourth Amendment claims. (*Id*. at 41.)

Despite the Ninth Circuit's unambiguous language that it was only reversing the district court's grant of summary judgment order as to Plaintiff, Plaintiff argues the Ninth Circuit

intended its ruling to be a final decision on his excessive force claim. (Doc. No. 188-1 at 4–6.) In support of his argument, Plaintiff identifies two passages where he alleges the Ninth Circuit accepted Defendants' account of the events and still ruled against them. (*Id.* at 4.) Specifically, Plaintiff first points to the Ninth Circuit's statement that "even taking the Deputies' account as true, the Deputies were not entitled to forcibly restrain [Plaintiff] because of his purportedly reaching into the duffel bag." (*Id.*) (quoting Doc. No. 65 at 32.) Second, Plaintiff points to the Ninth Circuit's statement that "[w]e conclude that the Deputies violated clearly established law whether we accept the Bernals' or the Deputies' account of events." (*Id.*) (quoting Doc. No. 65 at 39.)) However, the court finds Plaintiff's reliance on these two out-of-context statements is misplaced.

The Ninth Circuit accepted Defendants' account of the events as true only on the disputed fact of whether or not Plaintiff had reached into the duffel bag. (*See* Doc. No. 65 at 32–33, 40–41.) The Ninth Circuit still relied on Plaintiff's version of the story—that Defendants forcibly, aggressively, and violently restrained him—to hold that the deputies were not entitled to use the force they used and that they violated clearly established Fourth Amendment law in doing so. (*Id.* at 33, 40.) Therefore, the Ninth Circuit was still viewing the evidence in the light most favorable to Plaintiff and was only addressing Defendants' motion for summary judgment, not ruling on the merits of Plaintiff's excessive force claim.

In summary, Plaintiff's arguments fall short. The Ninth Circuit did not make a ruling on the merits of Plaintiff's excessive force claim. Instead, the Ninth Circuit left that determination for trial. *See Liston v. Cnty. of Riverside*, 120 F.3d 965, 976 n.10 (9th Cir. July 21, 1997) (finding that "[t]he reasonableness of force used is ordinarily a question of fact for the jury."). Thus, the court concludes that the law of the case doctrine and/or rule of mandate do not apply. Accordingly, Plaintiff fails to demonstrate judgment as a matter of law is appropriate for his excessive force claim. Therefore, the court will deny Plaintiff's renewed motion for judgment as a matter of law.

/////

/////

**B. Plaintiff's Alternative Motion for a New Trial**

Plaintiff also argues the court should grant a new trial under Federal Rule of Civil Procedure 59(a) because "[a] defense verdict on the excessive-force issue is contrary to the law of the case." (Doc. No. 188-1 at 6–7.) However, the court already rejected this argument that the Ninth Circuit's opinion compels judgment in his favor on his excessive force claim. Consequently, the court will deny Plaintiff's alternative motion for a new trial.

**CONCLUSION**

For the reasons explained above:

1. Plaintiff's renewed motion for judgment as a matter of law or in the alternative motion for a new trial (Doc. No. 188) is DENIED; and
2. This case shall remain closed.

IT IS SO ORDERED.

Dated: **August 5, 2026**

Dena Coggins
United States District Judge